UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE A. ALEXAVICH, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-1476 (JCH) |
| v. | : | |
| | : | |
| KEVIN MELLON, | : | AUGUST 22, 2005 |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 30]**

The plaintiff, Bruce R. Alexavich, initiated this action in this court against Kevin Mellon, a Detective in the Bristol Police Department. [Doc. No. 1]. The plaintiff asserts a single cause of action related to the execution of a search warrant at his property, 71 Williams Street in Bristol, on January 31, 2001. Alexavich claims that Mellon and other officers, in violation of the Fourth Amendment, engaged in an unreasonable search and seizure which resulted in the destruction of property and emotional distress. On February 15, 2005, Mellon filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. No. 30].

**I.   STANDARD OF REVIEW**

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994)).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II.   ANALYSIS

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. Amend. IV; see also Caldarola v. County of Westchester, 343 F.3d 570 (2d Cir. 2003).  Mellon moves for summary judgment not on the grounds that Alexavich's rights under the Fourth Amendment were not violated, but on the basis that, even if the plaintiff's rights were violated, Mellon had no role in the search and seizure that resulted in any violation.

For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the plaintiffs where the plaintiffs

2

provide evidence to support their allegations.  Mellon obtained a search warrant, the validity of which is not contested, to search 71 Williams Street, owned by Alexavich, for a gun believed to have been involved in a prior burglary.  According to an Incident Report filed by Detective A. J. Barton, members of the Bristol Police Department executed that warrant on January 31, 2001.  The parties do not dispute, however, that the warrant was executed by members of the Bristol and Southington Emergency Response Teams, of which Mellon is not a member.  The defendant does not attempt to explain either the relationship between the Bristol Police Department and the ERT or the discrepancy between his conclusory statement that the ERT executed the warrant and the information contained in the incident report, an exhibit provided by the defendant.

The sole basis for Mellon's motion for summary judgment is his factual assertion that he was not allowed to enter 71 Williams Street until after the premises had been secured.  Therefore, Mellon argues, he was not personally involved in the deprivation of constitutional rights, Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), and, furthermore, there is no proof that his actions proximately caused the plaintiff any injury, Daniels v. Williams, 474 U.S. 327, 330 (1986).  According to Mellon, because the ERT executed the warrant, he was required to remain outside of the premises until the ERT had entered and secured the premises.  The plaintiff can point to no evidence to the contrary.  However, Detective Mellon's own affidavit, interrogatory responses, and Local Rule 56(a)(1) Statement acknowledge that he participated in the search of the premises, once the premises had been secured.  See Mellon Aff. [Doc. No. 31, Ex. B] ¶¶ 9, 13, 15 -16; Notice of Responses to Pl.'s Interrogatories to Def. [Doc. No. 31, Ex.

C] ¶ 8; Local Rule 56(a)(1) Stmt. [Doc. No. 31] ¶ 11.  There is no evidence before the court to suggest whether the alleged damage occurred prior to or after Detective Mellon entered 71 Williams Street.  Drawing all factual inferences in favor of the plaintiff, the court cannot conclude as matter of law, with no evidence to support such a finding, that the alleged damage to property and resulting emotional distress occurred entirely prior to Mellon entering 71 Williams Street.

Because Mellon's argument that he is entitled to qualified immunity is based on the same factual premise and the court has concluded that a question of material fact remains with respect to that issue, he is not entitled to summary judgment on qualified immunity grounds.  See Tolbert v. Queens College, 164 F.3d 132, 138 (2d Cir.1999).

### III.   Conclusion

For the foregoing reasons, the defendants' motion for summary judgment [Doc. No. 30] is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of August, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge